**Rule 1512. Time for Petitioning for Review.**

(a) **Appeals [authorized by law.--] Authorized by Law.** Except as otherwise prescribed by **[paragraph] subdivision** (b) **[of this rule]**:

   (1) A petition for review of a quasijudicial order, or an order appealable under 42 Pa.C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order.

   (2) If a timely petition for review of such an order is filed by a party, any other party may file a cross-petition for review within 14 days of the date on which the first petition for review was served, or within the time otherwise prescribed by **[subparagraph] subdivision** (a)(1) **[of this rule]**, whichever period last expires.

(b) **Special [appellate provisions.--] Appellate Provisions.** A petition for review of **a determination by**:

   (1) **[A determination of]** the Department of Community and Economic Development in any matter arising under 53 Pa.C.S. §§ 8001-8285 shall be filed within 15 days after entry of the order or the date the determination is deemed to have been made, when no order has been entered**[.]:**

   (2) **[A determination governed by Pa.R.A.P. 1571 (determinations of the Board of Finance and Revenue)] the Board of Finance and Revenue pursuant to Pa.R.A.P. 1571** shall be filed within the appropriate period therein specified**[.]:**

   (3) **[A determination of]** a Commonwealth agency under 62 Pa.C.S. § 1711.1(g) shall be filed within 15 days of the mailing date of a final determination denying a protest**[.]:**

   **(4) a criminal justice agency with statewide jurisdiction denying a request for dissemination of criminal history investigative information, in accordance with 18 Pa.C.S. § 9158.4, shall be filed within 45 days after service of the denial.**

(c) **Original [jurisdiction actions.--] Jurisdiction Actions.** A petition for review of a determination of a government unit within the scope of Chapter 15 but not within the scope of **[paragraphs] subdivisions** (a) or (b) **[of this**

**rule]** may be filed with the prothonotary of the appellate court within the time, if any, limited by law.

**[Note:] Comment:** The note to Pa.R.A.P. 903 (time for appeal) addresses the development of the standard 30-day appeal period. Pa.R.A.P. 102 defines a "quasijudicial order" as "an order of a government unit, made after notice and opportunity for hearing, which is by law reviewable solely upon the record made before the government unit, and not upon a record made in whole or in part before the reviewing court."

**Subdivision (b)(4) is limited to review of certain grounds for a denial.** *See* **18 Pa.C.S. § 9158.3(a)(2). Section 9158.4(a) of the Criminal History Record Information Act sets forth certain content requirements for a petition for review. Those requirements are satisfied by Pa.R.A.P. 1513(d) and Pa.R.A.P. 1951.**

**[Paragraph] Subdivision** (c) relates to matters addressed to the original jurisdiction of an appellate court. For example, equitable matters are governed by existing principles of laches, etc. Other matters, such as petitions for review raising issues formerly cognizable by action in mandamus or *quo warranto*, etc., are governed by the time limits, if any, applicable under the prior procedure. *See generally* 42 Pa.C.S. §§ 1702 (regarding the Supreme Court's rulemaking procedures), 1722(c) (Time limitations), 5501--5574 (Limitations of time).

## Historical Commentary

**The following commentary is historical in nature and represents statements of the Committee at the time of rulemaking:**

### EXPLANATORY COMMENT—1976

The right to file a cross appeal from a quasi-judicial order of a government unit (*e.g.* an order of the Public Utility Commission approving a rate increase) is granted, to conform to Rules 901(b) and 1113(b).

### EXPLANATORY COMMENT—2002

See Comment following Pa.R.A.P., Rule 511.